```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

ANTHONY MOMAN, )
 )
        Petitioner, )
 )
   v. )      No. 4:07 CV 879 DDN
 )
JAMES PURKETT, )
 )
        Respondent. )

**MEMORANDUM**

This action is before the court upon the petition of Missouri state prisoner Anthony Moman for a writ of habeas corpus under 28 U.S.C. § 2254. The parties have consented to the exercise of jurisdiction by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 7.) For the reasons set out below, this petition is denied.

**I.  BACKGROUND**

On October 8, 2004, petitioner Moman pleaded guilty in the Circuit Court of St. Louis County, Missouri, to two counts of robbery in the first degree (Counts I-II); attempted robbery in the second degree (Count III); robbery in the second degree (Count IV); two counts of armed criminal action (Counts V-VI); and one count of unlawful use of a weapon (Count VII). (Doc. 15, Ex. C at 1-2.) On December 20, 2004, petitioner was sentenced to concurrent terms of 25 years imprisonment on Count I, 25 years on Count II, 15 years on Count III, 25 years on Count IV, 25 years on Count V, 25 years on Count VI, and 7 years on Count VII. (<u>Id.</u> at 3-5.) Petitioner did not appeal the convictions or the sentences. (Doc. 1 at 2.)

Petitioner Moman filed a motion for post-conviction relief under Missouri Supreme Court Rule 24.035 in the Circuit Court of St. Louis County. The motion was dismissed on December 12, 2006. (Doc. 15, Ex. D at 1.)

## II. PETITIONER'S GROUNDS FOR HABEAS CORPUS RELIEF

Petitioner claims seven grounds for relief in this habeas action:

(1) Petitioner received constitutionally ineffective assistance of trial counsel when counsel failed to file motions challenging evidence seized, statements made, and the fact that one of the detectives was the husband of one of the victims.

(2) Petitioner was denied due process, equal protection, and the right to counsel when he was granted only two days before the trial setting to obtain private counsel before being forced to enter a guilty plea with appointed counsel.

(3) Petitioner received ineffective assistance of trial counsel when counsel failed to file a motion to identify the alleged informant.

(4) Petitioner received ineffective assistance of trial counsel when counsel received police reports and shortly thereafter encouraged petitioner to enter a guilty plea, was unprepared for trial, and was consequently unable to develop a viable defense.

(5) Petitioner received ineffective assistance of trial counsel when counsel failed to interview witnesses and take depositions after petitioner informed his counsel that police officers coerced his incriminating statements through the use of threats targeted at petitioner's wife and family.

(6) Petitioner received ineffective assistance of trial counsel when petitioner's counsel failed to pursue a long-term drug treatment program as part of the sentence.

(7) Petitioner received ineffective assistance of trial counsel when petitioner's counsel failed to bring to the attention of the court the fact that the detective was the husband of one of the victims, and that the detective pointed out the petitioner, effectively tainting the lineup.

Respondent does not dispute that petitioner has exhausted his state court remedies, because he now has no state court remedy available to him. Respondent argues, however, that the federal habeas corpus petition was not timely filed and that all seven grounds are procedurally barred and are without merit.

## III. STATUTE OF LIMITATIONS

Respondent argues that petitioner did not commence this action within the one-year limitations period provided by 28 U.S.C. § 2244(d). In pertinent part, 28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]

Failure to adhere to the one-year statute of limitations requires dismissal of the petition. See Cross-Bey v. Gammon, 322 F.3d 1012, 1014 (8th Cir. 2003).

The period of limitations begins upon the conclusion of direct review or the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(A). The circuit court entered its sentence and judgment against petitioner on December 20, 2004. (Doc. 15, Ex. C at 1.) Petitioner had ten days to appeal. Mo. S. Ct. R. 30.01(d). Petitioner did not appeal. (Doc. 1 at 2.) Therefore, the expiration of the time for seeking direct review was December 30, 2004. The statute of limitations required petitioner to file his petition for a writ of habeas corpus not later than December 30, 2005. Petitioner did not file his petition for a writ of habeas corpus until April 30, 2007, approximately sixteen months after the expiration of the statute of limitations. (Doc. 1 at 1.)

Petitioner is entitled to toll the federal one-year limitations period for "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). As stated, Moman filed a motion for post-conviction relief under Missouri Supreme Court Rule 24.035 in the Circuit Court of St. Louis County. However, the clerk of that court filed the motion on October 24, 2006,

and the motion was dismissed as untimely[1] on December 12, 2006. (Doc. 15, Ex. D at 1.)

Petitioner argues that this court should apply the "prison mail box rule" and toll the federal limitations period from the time he deposited the motion in the prison mail system, because the prison mailing system lost or misplaced his timely and notarized motion. (Doc. 1 at 10.) Petitioner does not specify the date he mailed his motion for post-conviction relief.[2]

Petitioner states he waited approximately one year and received no response from the St. Louis County Clerk. (Doc. 1, Ex. A at 3.) Petitioner contacted the Circuit Clerk, and on July 31, 2006, the Circuit Clerk's office informed him that it had not received his motion for post-conviction relief. (Doc. 1, Ex. E at 8.) A month later, on September 5, 2006, the Circuit Clerk's office again informed petitioner that it had not received his motion for post-conviction relief, and asked petitioner to send another copy. (Doc. 1, Ex. F at 8.) This time petitioner complied and on October 24, 2006,[3] his motion for post-conviction relief was filed with the circuit court. (Doc. 1, Ex. B at 5.) On December 12, 2006, the circuit court dismissed petitioner's motion as untimely. (Doc. 1, Ex. B at 5; Doc. 1 at 6.) Nothing in the record indicates that petitioner appealed this dismissal.

It is clear that Missouri courts have rejected the prison mail box rule for the filing deadlines applicable to Missouri post-conviction motions; such motions are deemed filed only when lodged in the circuit clerk's office. <u>Morley v. Missouri</u>, 68 S.W.3d 443, 445 (Mo. Ct. App.

---

[1]Missouri Supreme Court Rule 24.035, in pertinent part, required that Moman file the motion within 180 days after he was "delivered to the custody of the department of corrections." <u>See</u> Mo. R. Crim. P. 24.035(b).

[2]Petitioner states, in his suggestions in support of his petition, that he mailed his motion for post-conviction relief "on or about _____." (Doc. 1, Ex. A at 3.)

[3]This date is approximately three months after the circuit clerk's office first notified petitioner, and two months after the clerk's office again notified petitioner, that it had not received his motion for post-conviction relief.

2001); Daniels v. Missouri, 31 S.W.3d 121, 123 (Mo. Ct. App. 2000) (collecting cases). Therefore, under Missouri law the motion for post-conviction relief was not timely filed and does not qualify for that reason for federal statutory tolling. Section 2244(d)(2) only pertains to a properly filed motion for post-conviction relief, and the record indicates petitioner's motion was time-barred, and consequently improperly filed. See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).

Even if petitioner is entitled to tolling under 28 U.S.C. § 2244(d)(2) while his state post-conviction motion was pending in circuit court, the seven-week period between the filing of the motion on October 24, 2006, and the circuit court's rejection of that motion on December 14, 2006, his federal petition would still be untimely because the state post-conviction relief motion was filed some ten months after the expiration of the federal one-year limitations period. The next issue is whether petitioner is entitled to equitable tolling of the one-year federal filing limitations period, if it is true that he submitted his state court post-conviction relief motion to the prison mail system for filing with the state circuit court when he alleges he did so. The court believes not.

> Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way.

Riddle v. Kemna, 523 F.3d 850, 857 (8th Cir. 2008) (citations omitted). In this case, petitioner has not sustained the first element, that he acted diligently in pursuing his rights, in several respects. First, he has not provided this court with the date on which he placed his motion for post-conviction relief in the prison mail system. See footnote 2, above. Second, from the facts he alleges, petitioner failed to mail the motion to the circuit clerk within the 180 days prescribed by Missouri law.[4] Third, by his own admission, he waited almost a year to inquire of

---

[4]Missouri Supreme Court Rule 24.035(b) requires that motions for post-conviction relief after a guilty plea be filed not later than 90 days after the date the mandate of the appellate court affirming the judgment is issued, or not later than 180 days after the individual is
(continued...)

the circuit clerk's office about the status of his motion. Fourth, he waited almost three months before providing the circuit clerk with a copy of the motion for filing. And fifth, petitioner did not appeal the dismissal of his state post-conviction motion.

Accordingly, petitioner is not entitled to statutory or equitable tolling of the federal one-year limitations period.

Having not filed his state motion for post-conviction relief within the time limit established by Missouri law, petitioner procedurally defaulted under Missouri law. Weeks v. Bowersox, 119 F.3d 1342, 1350 (8th Cir. 1997).

### IV. MERITS OF PETITIONER'S FEDERAL GROUNDS FOR RELIEF

Because neither failure to comply with the federal statute of limitations nor procedural default are constitutional barriers to federal judicial review, the court can, in the interest of judicial economy, review the merits of Moman's federal habeas petition. Trussell v. Bowersox, 447 F.3d 588, 590 (8th Cir. 2006).

To be entitled to federal habeas relief on his claims, petitioner "must show that the circuit court's [judgment] was 'contrary to clearly established federal law,' in that its decision contradicted applicable Supreme Court precedent in reasoning or result." Id. at 592; 28 U.S.C. § 2254(d). The record before the court indicates that petitioner's grounds for relief are without merit.

**Ground 2**

In Ground 2, petitioner asserts he was denied due process of law, equal protection of the law, and the right to counsel when he was granted only two days to obtain counsel before being forced to enter a guilty

---

⁴(...continued)
delivered to the custody of the Department of Corrections if there is no direct appeal. Mo. S. Ct. R. 24.035(b). The record discloses that petitioner was received by the Missouri Department of Corrections on or about December 23, 2004. See Doc. 15, Ex. E at 6 (circuit court minute entry: "10-Mar-2005: Costs Ordered to State--JAIL TIME BILLED TO THE STATE OF MISSOURI FROM 03/25/2004 TO 12/22/2004").

-6-

plea. (Doc. 1, Ex. A at 5.) The record reflects however, that petitioner was arraigned on May 12, 2004 (Doc. 15, Ex. E at 2), and did not plead guilty until October 8, 2004. (Id. at 4.) Petitioner had nearly five months, not two days, to obtain private counsel if he so desired. Petitioner did not enter an involuntarily guilty plea due to a two-day time constraint.

Ground 2 is meritless.

### Ineffective Assistance of Counsel Claims

In Ground 1, and Grounds 3-7, petitioner alleges he received constitutionally ineffective assistance of trial counsel. In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court defined ineffective assistance of counsel under the Sixth and Fourteenth Amendments. The Strickland test requires federal habeas corpus relief if it is shown that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686.

There are two elements to a claim of constitutionally ineffective assistance of counsel. A habeas petitioner must first demonstrate that counsel's performance fell below an objective standard of reasonableness. Id. at 687-88. In this regard, petitioner must overcome a strong presumption that counsel has rendered constitutionally effective assistance. Id. at 690; Blackmon v. White, 825 F.2d 1263, 1265 (8th Cir. 1987). The strategic choices of counsel made after thorough investigation are virtually unchallengeable, and decisions following a less thorough, but nevertheless reasonable, investigation are to be upheld to the extent that they are supported by reasonable judgment. Strickland, 466 U.S. at 690-91.

If this first threshold requirement is met, petitioner must also demonstrate that the deficient performance of counsel was so prejudicial that the result of the proceedings would have been different absent the error. Id. at 687; Ford v. Armontrout, 916 F.2d 457, 460 (8th Cir. 1990). In addition, the prejudice must not be simply a "possibility" but an "actual and substantial disadvantage, infecting [petitioner's] entire trial with error of constitutional dimensions." United States v. Frady,

456 U.S. 152, 170 (1982). When attacking the effectiveness of counsel on constitutional grounds, the petitioner bears a heavy burden. See Middleton v. Roper, 455 F.3d 838, 846 (8th Cir. 2006).

**Grounds 1 and 3**

In Grounds 1 and 3, petitioner argues that his counsel was ineffective for failing to file certain pre-trial motions.

Petitioner's guilty plea waived these arguments. See Tollett v. Henderson, 411 U.S. 258, 267 (1973). In Tollett, the Supreme Court held that:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea . . .

Id. A defendant who has pleaded guilty based on reasonably competent advice may not make a collateral attack on that guilty plea by alleging that counsel may have misjudged the admissibility of certain evidence or statements. See McMann v. Richardson, 397 U.S. 759, 770 (1970).

In order to attack the voluntariness of the plea, petitioner must show that counsel's advice was defective, and that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Petitioner must overcome a heavy burden in order to show that his plea was involuntary. See Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997). "Solemn declarations in open court carry a strong presumption of verity." Smith v. Lockhart, 921 F.2d 154, 157 (8th Cir. 1990).

In Grounds 1 and 3, petitioner is not attacking the voluntariness of his plea. Indeed, during the plea hearing, petitioner stated that he understood his rights, but still wished to plead guilty. (Doc. 15, Ex. A at 2.) During the sentencing hearing, petitioner again noted that he did not want to take the case to trial. (Doc. 15, Ex. B at 17.) During

the sentencing hearing, he also accepted responsibility and apologized for his crimes. (Id. at 4.)

Instead of attacking the voluntariness of his plea, petitioner argues that counsel should have filed certain pretrial motions. Under Tollett and McMann, these claims fail. More to the point, petitioner does not state what evidence his counsel should have challenged. He merely says that there was "evidence seized" and "statements made." (Doc. 1 at 6.) He also fails to state how he was prejudiced by counsel's failure to file a motion to reveal the identity of an alleged informant.

Grounds 1 and 3 are meritless.

**Ground 4**

In Ground 4, petitioner argues that his counsel was unprepared for trial and unable to develop a viable defense.

During the sentencing proceeding, the following colloquy occurred between the petitioner and the court:

> THE COURT: At the time of the plea, Mr. Yarns was your attorney?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And did you have enough time to talk to him about this case before you entered a plea of guilty?
>
> THE DEFENDANT: I guess so.
>
> THE COURT: And did he answer your questions for you?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: All right. And did he investigate and prepare the case to your satisfaction?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: Okay. What did you want him to do that he didn't do?
>
> THE DEFENDANT: That lineup thing . . . .
>
> . . .
>
> THE COURT: All right. Now, what I'm asking you is what you wanted Mr. Yarns to do for you that he didn't do.

>        THE DEFENDANT:    Nothing.  Nothing.
>
>        THE COURT:        Okay.  Now, did you want him to take the case to trial and take your chances with a jury?
>
>        THE DEFENDANT:    No, sir.
>
>        .   .   .
>
>        THE COURT:        Do you have any witnesses that you wanted Mr. Yarns to talk to for you?
>
>        THE DEFENDANT:    Well, I had mentioned them.  But Mr. Yarns said, you know, that wouldn't do much good.
>
>        THE COURT:        Okay.  So you gave him the names of some witnesses?
>
>        THE DEFENDANT:    I gave him a couple of people, you know.  My wife and a couple other individuals that I knew of.  I mean, that I know.
>
>        THE COURT:        And what might they have said that would have helped you in the case?
>
>        THE DEFENDANT:    I don't even recall right now.
>
>        THE COURT:        All right.
>
>        THE DEFENDANT:    I don't recall.
>
>        THE COURT:        Do you have any other complaints or criticisms about Mr. Yarns?
>
>        THE DEFENDANT:    No, sir.

(Doc. 15, Ex. B at 15-18.)

Petitioner states that his counsel was unprepared for trial. But other than vague objections to the lineup procedure, petitioner could not think of anything more he wanted counsel to do. He gave his lawyer witness names, but could not detail what the witnesses might have said that would have proved helpful at trial. He also stated that he did not want to proceed to trial and take his chances with a jury.

Under the circumstances, petitioner has not met his burden of proving counsel's representation was so deficient and ineffective, that he would not have pleaded guilty, and instead, would have insisted on going to trial. See Connelly v. Dormire, No. 4:03 CV 1385 TCM, 2006 WL

-10-

2356097, at * 5 (E.D. Mo. Aug. 14, 2006) (finding petitioner's conclusory statement that his trial counsel was unprepared for trial was insufficient to carry his burden of proving ineffective assistance of counsel).

Ground 4 is meritless.

**Ground 5**

In Ground 5, petitioner argues that counsel failed to interview relevant witnesses. He also argues that officers coerced his incriminating statements.

These arguments are not supported by the facts. As noted above, petitioner could not provide any specific information about what relevant or helpful testimony these proposed witnesses could have provided.

Petitioner also suggests that counsel failed to investigate the fact that police coerced his confession through the use of threats. But again, petitioner provides no specific information to support this claim. See Redus v. Swenson, 339 F. Supp 571, 576 (E.D. Mo. 1972), aff'd, 468 F.2d 606 (8th Cir. 1972) ("A competently counseled defendant who alleges that he pleaded guilty because of a prior coerced confession is not, without more, entitled to habeas corpus relief."). In fact, at the plea hearing, petitioner stated that his guilty plea was not the product of any threats or promises. (Doc. 15, Ex. A at 4.) Petitioner has not met his burden of proving counsel's representation was so deficient and ineffective that he would not have pleaded guilty.

Ground 5 is meritless.

**Ground 6**

In Ground 6, petitioner argues that counsel failed to pursue a long-term drug treatment program as part of the sentence.

Prisoners have no constitutional right to participate in prison drug rehabilitation programs. Lemieux v. Hubert, No. Civ. A. 05-1470, 2008 WL 2178089, at *1, *4 (E.D. La. May 19, 2008). As a result, "counsel's failure to negotiate, as part of a plea agreement, that petitioner be considered for such a program, does not constitute a violation of petitioner's constitutional rights." Id.

Ground 6 is meritless.

**Ground 7**

In Ground 7, petitioner argues that the husband of one of the victims was a detective, was present at the lineup, and pointed petitioner out to the witnesses. He argues that counsel was ineffective for failing to bring this fact to the court's attention.

Petitioner does not provide any evidence to support these claims. During the sentencing hearing, petitioner raised certain objections to the lineup procedure, but made no mention of a detective pointing him out to the witnesses, or that a detective was related to one of the victims. Instead, petitioner objected to having to state his name, when his armband featured a different name. But ultimately, he seemed to acknowledge that the witnesses may have independently recognized him. (Doc. 15, Ex. B at 16.) Petitioner has not met his burden of proving counsel's representation was so deficient and ineffective that he would not have pleaded guilty.

Ground 7 is meritless.

## V. CONCLUSION

The petitioner has failed to sustain the burden necessary to show that his plea was involuntary. The petition of Anthony Moman for a writ of habeas corpus is therefore denied. An appropriate order is issued herewith.

           /S/   David D. Noce
      **UNITED STATES MAGISTRATE JUDGE**

Signed on December 1, 2008.